IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| VICTOR A. MOTLEY,<br><br>                          Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF VIRGINIA, *et al.*,<br><br>                         Defendants. | Civil Action No. 3:07–CV–328 |

## **MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss (Docket No. 4) by Defendants. For the reasons stated below, the Motion to Dismiss is GRANTED.

**1.    Statement of Facts**

Victor Motley is a lawyer whose license to practice law in Virginia was revoked in 2003. In 2005, Motley sued the Virginia State Bar and the Supreme Court of Virginia, alleging that they lacked jurisdiction over his disciplinary proceedings and attacking their findings, and this Court dismissed the suit pursuant to the Rooker-Feldman doctrine. See Motley v. Va. State Bar, 403 F. Supp. 2d 468, 470–71 (E.D. Va. 2005), aff'd, 176 Fed. App'x 191 (4th Cir. 2006).

Counts I–V of Motley's Complaint in this suit allege that the disciplinary proceedings against him violated the Constitutions of the United States and Virginia, 42 U.S.C. §§ 1983 and 1985, various sections of the Virginia Code, and the Rules of the Supreme Court of Virginia. See Pl.'s Compl. at 1–10. Count VI of his Complaint concerns the way that a Circuit Court Judge of

Henrico County, Virginia handled Motley's divorce proceedings. See id. at 10–11. Defendants moved to dismiss Motley's complaint.

**2. Discussion**

The doctrine of claim preclusion, or res judicata, prevents a party from re-litigating an issue that he raised, or could have raised, in a previous action that was litigated to a final judgment on its merits, Allen v. McCurry, 449 U.S. 90, 94–96 (1980), provided that the party seeking to re-litigate a claim had a "full and fair opportunity to litigate [his] claim." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482 n.22 (1982). No claims "arising from the same transaction" involved in the first suit may be litigated again. Id.

A similar doctrine, issue preclusion or collateral estoppel, provides that once a court resolves an issue that is necessary to its judgment, the issue may not be re-litigated in any suit involving a party to the first case – even if the second suit is based on a different cause of action. Montana v. United States, 440 U.S. 147, 153 (1979).

These doctrines relieve parties from the cost and vexation of having to defend multiple lawsuits, conserve judicial resources, and encourage parties to rely on courts' decisions. Allen, 449 U.S. at 94.

In the suit he filed in 2005 against the Virginia State Bar and the Supreme Court of Virginia, two of the defendants in the matter before the Court, Motley litigated – or could have litigated – any factual or legal issue implicated by the disciplinary proceedings against him. See Motley v. Va. State Bar, 403 F. Supp. 2d 468 (E.D. Va. 2005). Motley's claims in that suit were resolved by a final decision on their merits, see id., and the Fourth Circuit upheld that decision. See Motley v. Va.

State Bar, 176 Fed. App'x 191 (2006). Motley was given a full and fair opportunity to present his allegations and explain why he deserved relief. See id. Thus, in accordance with the doctrines of claim and issue preclusion, the Court shall dismiss Counts I–V of Motley's Complaint.

In general, a federal court will not hear claims that are pending in a civil action in a state court, provided that the proceedings involve an important state interest and provide a forum for raising constitutional challenges. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (citing Younger v. Harris, 401 U.S. 37 (1971)).

Motley's divorce proceedings are currently on appeal before the Virginia Supreme Court. Those proceedings involve issues of domestic relations law, a matter of state interest, and provide Motley with an adequate opportunity to air any constitutional challenges he wishes to make. Accordingly, the Court shall dismiss Count VI of Motley's Complaint.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this __14th__ day of September 2007

A.	Rooker-Feldman

A federal district court may not review a final judgment by a state court. <u>Lance v. Dennis,</u> 546 U.S. 459, 463 (2006).

Thus, plaintiffs who were denied admission to the District of Columbia bar could not challenge that decision by the District of Columbia Court of Appeals in a federal district court. <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

This doctrine applies only to judicial proceedings.

<u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923))

applies only to judicial proceedings in a state court. <u>Suarez Corp. Indus. v. McGraw</u>, 125 F.3d 222, 228 (4th Cir. 1997).